FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM BISSONNETTE and SHARON BISSONNETTE, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>HARBOR FREIGHT TOOLS, USA, INC.,<br><br>Defendant. | No. 2:18-CV-00305-SMJ<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES** |

Before the Court, without oral argument, is Defendant Harbor Freight Tools USA, Inc.'s Motion to Dismiss Plaintiffs' Claim for Punitive Damages, ECF No. 5. Defendant asserts that Plaintiffs' claim for punitive damages under California law must be dismissed for failure to state a claim under choice-of-law principles. *Id.* The motion is unopposed. Having reviewed the pleading and the file in this matter, the Court is fully informed and grants the motion.

## I. BACKGROUND

On May 2, 2016, Plaintiff William Bissonnette and Robert Bissonnette traveled to a Home Depot to pick up a newly-purchased lawn tractor. ECF No. 1-1

ORDER GRANTING MOTION TO DISMISS CLAIM FOR PUNITIVE
DAMAGES **-** 1

at 27. When they got back to Robert's ranch to unload the tractor, Robert brought out a three-part folding, light-duty ramp that he had purchased from Defendant's store. Robert then attached the folding ramp to the trailer without using safety chains to attach it. *Id.* at 28. The folding ramp had no labels or postings regarding the dangers of walking on the ramp. *Id.*

As William slowly walked up the middle of the folding ramp towards the trailer to inspect the tractor, his foot slipped off one of the openings between the narrow, crisscrossed bars. *Id.* He fell to the ground, first striking his ribs on the ramp and then striking his head on the ground. *Id.* at 29. He suffered serious injury, including brain injury from blunt force trauma and hemorrhage. *Id.*

Plaintiffs maintain that Defendant is liable for its negligence in manufacturing the folding ramp. *See generally* ECF No. 1-1.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must

allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). The Court accepts as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

It is well settled in Washington that punitive damages may not be awarded unless explicitly permitted by statute. *Barr v. Interbay Citizens Bank*, 96 Wash. 2d 692, 697 (1981). Instead of citing a Washington statute in support of their claim for punitive damages, Plaintiffs cite California law. ECF No. 1-1 at 30 ("Defendant Harbor Freight is liable for punitive damages under California law.")

The issue is whether the Court applies California law to Plaintiffs' claim for

punitive damages. Under Restatement (Second) of Conflict of Laws § 145 (1971), the "rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties." *See also Johnson v. Spider Staging Corp.*, 87 Wash. 2d 577, 580 (1976). Factors to consider include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. *Id.* at 580–81.

Here, all contacts are in Washington with the exception of Defendant's corporate headquarters, or probable place of business, in California. Otherwise, the injury occurred in Washington, where Defendant does business and most likely manufactured the ramp. Plaintiffs are citizens of Washington and the parties' relationship centers around Washington. As such, the Court concludes that Washington law applies. Because Plaintiffs fail to assert any claim for punitive damages arising under Washington law, the Court grants Defendant's motion to dismiss this claim.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant Harbor Freight Tools USA, Inc.'s Motion to Dismiss Plaintiffs' Claim for Punitive Damages, **ECF No. 5**, is **GRANTED**.

ORDER GRANTING MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES **-** 4

2. Plaintiffs' claim for punitive damages is **DISMISSED WITHOUT PREJUDICE**.

3. Robert Bissonnette was already dismissed in the state court action on April 10, 2018, prior to the action's removal to this Court. ECF No. 1 at 3. As such, he is not a proper defendant. The Clerk's Office shall **AMEND THE CAPTION** as follows:

WILLIAM BISSONNETTE and SHARON BISSONNETTE, husband and wife, and the marital community composed thereof,

    Plaintiffs,

v.

HARBOR FREIGHT TOOLS, USA, INC.,

    Defendant.

4. Under Federal Rule of Civil Procedure 81(c)(2), the Court orders Plaintiffs to replead their complaint, keeping in mind the pleading requirements of Rule 8. Plaintiffs must file their complaint no later than **November 23, 2018**.

//

//

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING MOTION TO DISMISS CLAIM FOR PUNITIVE DAMAGES **-** 6